UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WITKOWSKI,

           Petitioner,

v.                                                              Case No. 11-CV-14450
                                                               Honorable Denise Page Hood

LLOYD RAPELJE,

           Respondent.

_____/

**ORDER ACCEPTING THE REPORT AND RECOMMENDATION, DENYING
PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE
CERTIFICATE OF APPEALABILITY**

**I.  INTRODUCTION**

On November 12, 2009, Petitioner David Witkowski, a state prisoner, was convicted in Oakland County Circuit Court of conspiracy to deliver or possess with intent to deliver 450-999 grams of cocaine in violation of Michigan Complied Law § 333.7401(2)(a)(ii) and delivery of 450-999 grams of cocaine in violation of Michigan Complied Law § 333.7401(2)(a)(ii).  He filed a petition for writ of habeas corpus on October 11, 2011.  On December 21, 2012, Magistrate Judge Paul J. Komives issued a report and recommendation recommending that the Court deny the writ of habeas corpus and deny a certificate of appealability.  Petitioner filed objections on January 16, 2013.  For the reasons stated below, the Court overrules Petitioner's objections and accepts the report and recommendation in its entirety.

**II.  STANDARD OF REVIEW**

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The

Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court may also receive additional evidence. *Id.* A party's failure to file any objections waives his or her right to further appeal. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Necessarily, a party's failure to object to the magistrate judge's report and recommendation relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

As the magistrate judge explained, timely objections to the report and recommendation must be specific. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is" insufficient. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith*, 829 F.2d at 1373. Therefore, "A general objection to . . . the magistrate's report has the same effect[] as would a failure to object . . . [and] thereby mak[es] the initial reference to the magistrate useless. . . . This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Secretary of HHS,* 932 F.2d 505, 509 (6th Cir. 1991) (citing *Arn*, 474 U.S. at 148). The Court will initially note that Petitioner relies primarily on his previous habeas petition and makes an objection to the entirety of the magistrate judge's recommendations. The Court will address those specific objections to the report and recommendation.

## III. ANALYSIS

Petitioner takes issue with several aspects of the report and recommendation. The Court has reviewed the entirety of the report and recommendation and finds it legally and factually supported.

### A. Objection #1: Insufficient Evidence

First, Petitioner contends that there was insufficient evidence to convict him. The Court finds that Petitioner has not met his burden. *See Coleman v. Johnson*, 586 U.S. ___, ___, 132 S.Ct. 2060, 2061 (2012) ("We have made clear that [insufficiency of evidence] claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding that the relevant consideration "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") The Court will "reverse a conviction for insufficiency of the evidence only if it is not supported by substantial and competent evidence, whether direct or wholly circumstantial, upon the record as a whole." *United States v. Lapointe*, 690 F.3d 434, 443 (6th Cir.2012) (citing *United States v. Beddow*, 957 F.2d 1330, 1334 (6th Cir. 1992)).

Petitioner argues that Rocky Johnson was the only witness for the prosecution that testified that Petitioner had knowledge of the drug transactions and, therefore, the evidence was insufficient to convict. The Court will reemphasize, as the magistrate judge correctly pointed out, it is not within the reviewing court's discretion to "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury." *Johnson v. Mitchell*, 585 F.3d 923, 931 (6th Cir. 2009); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("[F]ederal habeas courts [do] no[t] [have] license to redetermine credibility of witnesses whose demeanor has been observed by

the state trial court, but not by them."). The Court will not reassess Johnson's credibility because such determination is within the province of the jury. Petitioner's objection is overruled.

### B. Objection #2: Right to Present Defense

Second, Petitioner argues that he is entitled to present a defense. He asserted that if the trial court had allowed James Daniels to testify the outcome of the trial may have been different. The magistrate judge noted that, although the right to present a defense is not explicitly provided in the Constitution, the Constitution does implicitly guarantee a defendant the right to present witness testimony in order to establish a defense. *See Washington v. Texas*, 388 U.S. 14, 19 (1967); *see also Crane v. Ky.,* 476 U.S. 683, 690 (1986); *Taylor v. Illinois*, 484 U.S. 400, 409 (1988). However, the right is not absolute. "The accused does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor*, 484 U.S. at 410; *see also United States v. Scheffer*, 523 U.S. 303, 308 (1998). Rather, a defendant is not deprived of the right to present a defense unless the rules of evidence were applied in such a way that was "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *Scheffer*, 523 U.S. at 308 (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

The Court finds that the magistrate judge correctly determined that the exclusion of Daniels' trial testimony did not infringe on a fundamental element of Petitioner's defense. The purpose of the testimony was not to attack an element of the prosecution's case but only to establish that Johnson was not credible. This was a collateral matter and the evidence was cumulative and of *de minimis* value to Petitioner's defense. Two other witnesses testified regarding Johnson's credibility. Further, Petitioner had the opportunity and did cross-exam Johnson on the inconsistences in his testimony. Petitioner's objection is overruled.

### C. Objection #3: Confrontation

Third, Petitioner objects to the magistrate judge's finding that the trial court did not err when it limited Petitioner's cross-examination of police witnesses. The Sixth Amendment Confrontation Clause guarantees the accused the right to confront those witnesses against him. U.S. Const. Amend. VI. The Supreme Court has deemed that the right to cross-examine, protected by the Confrontation Clause, has "ancient roots" and "is an essential and fundamental requirement" for a fair trial. *Pointer v. Texas*, 380 U.S. 400, 404–05 (1965). "Indeed, [t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination" *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986) (alteration in the original) (internal quotation marks and citation omitted). The right to cross-examine is "a 'functional' right designed to promote reliability in the truth-finding functions of a criminal trial." *Kentucky v. Stincer*, 482 U.S. 730, 737 (1987).

The right, however, is not absolute. "The Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Stincer*, 482 U.S. at 739 (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (emphasis in original). The "trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 475 U.S. at 679; *see also Stewart v. Wolfenbarger*, 468 F.3d 338, 347 (6th Cir. 2006). When the extent of cross-examination is limited, as here, the relevant inquiry is "whether the jury had enough information, despite the limits placed on otherwise permitted cross-examination, to assess the defense theory." *Stewart*, 468 F.3d at 347. The Court must consider whether "the defense is not allowed to plac[e] before the jury *facts* from

5

which bias, prejudice or lack of credibility of a prosecution witness might be inferred." *Dorsey v. Parke*, 872 F.2d 163, 167 (6th Cir. 1989).

The Court joins in the conclusion of the magistrate judge. No Confrontation Clause violation was committed here. Cross-examination into whether the police witnesses had initiated forfeiture proceedings was completely irrelevant to the question before the jury: whether Petitioner had engaged in the sale of cocaine. Nor was there any indication that the police witnesses had some interest, financial or otherwise, in the forfeiture proceedings such that their testimony in Petitioner's case could be deemed unreliable or biased. "The Confrontation Clause is not violated by limiting the questioning of witnesses on grounds that evidence [is] . . . irrelevant." *Dell v. Straub,* 194 F. Supp. 2d 629, 644 (E.D. Mich. 2002). Petitioner's objection is overruled.

### D. Objection #4: Prosecutorial Misconduct

Fourth, Petitioner contends that the magistrate judge erred in concluding that there was no prosecutorial misconduct. Petitioner makes no specific objections to the report and recommendation. The Court finds no error in the magistrate judge's finding that there was no violation in the prosecution's failure to disclose Johnson's fraud conviction, the state's removal of Johnson's children from his custody, or whether Johnson had taken a polygraph examination. Petitioner does not have a constitutional right to discovery. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Although the Government has an obligation to disclose information that is both favorable to the defendant and material to guilt or punishment, *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987), the defense does not have a "general right to pre-trial discovery of evidence impeaching defense witnesses, where the prosecution denies that any such material is exculpatory and material under Brady." *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). "No

Brady violation exists where a defendant 'knew or should have known the essential facts permitting him to take advantage of any exculpatory information'" *United States v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991) (quoting *United States v. Grossman*, 843 F.2d 78, 85 (2nd Cir. 1988)). Petitioner knew about the fraud conviction prior to trial; there was nothing for the Government to disclose. Furthermore, there was no evidence that the removal of Johnson's children actually occurred or that it was material or exculpatory. Finally, Michigan excludes polygraph result examinations. *See People v. Jones*, 468 Mich. 345, 355, 662 N.W.2d 376 (2003)("The bright-line rule that evidence relating to a polygraph examination is inadmissible is well established."). Petitioner cannot establish a *Brady* violation; "a prosecutor has no constitutional duty even to disclose to a criminal defendant the fact that a witness has 'failed' a polygraph test." *King v. Trippett*, 192 F.3d 517, 522 (6th Cir. 1999) (citing *Wood v. Bartholomew,* 516 U.S. 1, 5–6 (1995)).

### E.     Objection #5: Jury Pilot Program

Fifth, Petitioner asserts that his right to a fair trial was violated due to the trial court's participation in a jury pilot program. Petitioner makes a blanket objection to the magistrate judge's report and recommendation and fails to indicate with any specificity what portions of the report and recommendation were in error. The Court finds no error in the magistrate judge's report and recommendation.

### F.     Objection #6: Right to Fair Trial

Finally, Petitioner contends that the trial court violated his due process right to a fair trial. He claims that the admission of testimony that Petitioner had been in prisoner violated his due process right to a fair trial. He asserts that the probative value of this evidence was greatly outweighed by its prejudicial effect. The magistrate judge found that there was no constitutional

7

error because the evidence was essentially admitted as "other acts" evidence pursuant to Federal Rule of Civil Procedure 404(b). The Court agrees with this conclusion. Although an state-court evidentiary ruling may result in the denial of due process, such circumstances are limited. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)**.** There is no denial of due process unless the "state-court evidentiary ruling . . . 'offend[s] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). And as the magistrate judge correctly concluded, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512; *see also Bey v. Bagley,* 500 F.3d 514, 520 (6th Cir. 2007). Petitioner's objection is overruled.

Petitioner also asserts that he was denied a fair trial when the trial court allowed testimony that Petitioner and his co-defendant had "cooked" themselves. Specifically, Petitioner argues that the fact that he and his co-defendant were tried together but with separate juries does not mean the juries did not use the information admitted against Petitioner's co-defendant against him. Both the magistrate judge and the Michigan Court of Appeals noted, which the Court agrees, that the statement that Petitioner's co-defendant "cooked himself" only pertained to Petitioner's co-defendant's culpability. The statement was made in isolation. Petitioner has failed to show how the admission of this testimony was "so fundamentally unfair as to violate [his] due process rights." *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). Petitioner's objection is overruled.

**G.     Certificate of Appealability**

The Court agrees with the magistrate judge that a Certificate of Appealability should not issue in this case. Pursuant to the Antiterrorism and Effective Death Penalty Act, "[a] certificate of appealability may issue . . . if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). The Petitioner has failed to demonstrate that there has been a denial of a constitutional right.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Magistrate Judge Paul J. Komives' report and recommendation [Docket No. 13, filed December 21, 2012] is **ACCEPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus [Docket No. 1, filed October 11, 2011] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

**IT IS SO ORDERED**.


                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: February 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2013, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager